UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT C. ALVAREZ,<br><br>             Plaintiff,<br><br>   v.<br><br>TRANSITAMERICA SERVICES, INC., et al.,<br><br>             Defendants. | Case No. 5:18-cv-03106-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; REMANDING ACTION TO SANTA CLARA COUNTY SUPERIOR COURT**<br><br>Re: Dkt. No. 35 |

Plaintiff moves for this case to be remanded claiming this Court lacks subject matter jurisdiction. Because the complaint does not allege Article III standing for the federal claims, there is no federal question jurisdiction and so, there is necessarily no supplemental jurisdiction. Accordingly, Plaintiff's motion is **GRANTED,** and this case is remanded to the Santa Clara County Superior Court. *See* 28 U.S.C. § 1447(c).

## I.      BACKGROUND

### A.  Factual Background

Plaintiff Albert C. Alvarez ("Plaintiff") initiated this putative class action in the Santa Clara Superior Court asserting that Defendants TransitAmerica Services and Herzog Transit Services ("Defendants") violated federal and state laws. The federal claims alleged violations of the Fair Credit Reporting Act ("FCRA"), which occurred when Defendants obtained background checks for Plaintiff's employment. Plaintiff asserted analogous California state law claims under Investigative Consumer Reporting Agencies Act ("ICRAA"), Consumer Credit Reporting Agencies Act ("CCRAA"), and unfair competition law ("UCL"). Plaintiff also included claims that Defendants failed to provide meal periods, rest periods, pay hourly and overtime wages,

accurate written wage statements, and timely pay all final wages.

Plaintiff claims that Defendants routinely acquired consumer, investigative, and credit reports (*i.e.*, credit and background reports) to conduct background checks on Plaintiff and other prospective, current, and former employees. Second Amended Complaint ("SAC") ¶ 2, Dkt. 26. Defendants then used information from the reports in their hiring process without providing or obtaining proper disclosures/authorizations in compliance with federal and state law. *Id.*

Plaintiff alleges two FCRA claims. First, that Defendants willfully failed to provide proper disclosures because the authorization did not "stand alone" as required by 15 U.S.C. § 1681b(b)(2)(A) and "[a]s a result of Defendants' unlawful procurement of credit and background reports by way of their inadequate disclosures, . . . Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." SAC ¶¶ 46, 56. Second, that Defendants failed to give proper "summary of rights" as required by 15 U.S.C. § 1681d(a)(1) and 15 U.S.C. § 1681g(c). *Id.* ¶¶59–70. Plaintiff incorporates the same allegations of injury for this second cause of action. *See* SAC ¶ 59. Finally, Plaintiff seeks declaratory and restitutionary relief for the FCRA claims. SAC ¶ 180.

### B. Procedural History

Defendants removed the action to federal court, invoking federal question jurisdiction over the FCRA claims and supplemental jurisdiction over the other state-law claims. *See* Dkt. 1. Plaintiff moves to remand, arguing that because he lacks Article III standing for his FCRA claim, removal was improper as this Court lacks subject matter jurisdiction. *See* Pl. Motion to Remand ("Pl. Mot."); Dkt. 35.

## II. LEGAL STANDARDS

Removal of a civil action from state to federal court is appropriate only if the federal court has subject matter jurisdiction over the matter. 28 U.S.C. § 1444(a). If a case is improperly removed, "the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000); 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."). On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The burden to establish that jurisdiction exists rests upon the party asserting jurisdiction. *Id.* The "strong presumption" against removal jurisdiction means that the court "resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. To satisfy the case-or-controversy requirement, a plaintiff must have standing to bring a claim. *See, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Article III standing requires that a plaintiff have: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To establish an injury in fact required for Article III standing, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent." *Spokeo*, 136 S. Ct. at 1548. For an injury to be "particularized" it "must affect the plaintiff in a personal and individual way." *Id.*; *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church and State*, 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "'personally has suffered some actual or threatened injury'"). A "concrete" injury must be "*de facto*;" it must be "real" and "actually exist." *Spokeo*, 136 S. Ct. at 1548.

### III.    DISCUSSION

#### A.    Federal Question Jurisdiction

Simply stating that the FCRA has been violated is insufficient to establish an injury in fact, there must be some showing of a concrete, particularized, and actual or imminent harm. *See, e.g.*, *Spokeo*, 136 S. Ct. at 1549 ("A violation of one of the FCRA's procedural requirements may result in no harm."); *Moore v. United Parcel Serv., Inc.*, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019). Indeed, while the FCRA allows suit for willful violations without showing suffering of any additional harm as a result, "the mere fact that Congress said a consumer . . . may bring such a suit

does not mean that a federal court necessarily has the power to hear it." *Robins v. Spokeo, Inc. (Spokeo III)*, 867 F.3d 1108, 1112 (9th Cir. 2017). Accordingly, there must be some particular and concrete harm flowing from the FCRA violation itself. *See, e.g.*, *Mansapit v. Deluxe Corp.*, 2019 WL 2423423, at *1 (N.D. Cal. June 10, 2019); *Williams v. Nichols Demos, Inc.*, 2018 WL 3046507, at *4 (N.D. Cal. June 20, 2018).

As Plaintiff properly notes, it is Defendants who bear the burden of showing that the second amended complaint supports jurisdiction—thus, Defendants must point to a harm arising from the FCRA violations. *See* Pl. Mot. at 3; *Hunter*, 582 F.3d at 1042. To meet this burden, Defendants make two points: first, they argue that Plaintiff consented to this Court's exercise of jurisdiction and so is estopped from denying that jurisdiction exists. Second, Defendants use Plaintiff's second cause of action,[1] the "summary of rights" claim, as proof of an injury in fact. Defendant's opposition to remand, however, fails to point this Court towards a concrete and particular injury alleged in Plaintiff's complaint because it does not inform this Court of any showing of harm arising from the alleged FCRA violations.

First, Plaintiff's jurisdictional concession, see SAC ¶¶ 5–6, is irrelevant. Subject matter jurisdiction is not waivable and may be raised at any time. *See, e.g.*, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Objections to subject-matter jurisdiction, however, may be raised at any time."); Fed. R. Civ. Pro. 12(h)(3). Therefore, Defendants' "reiteration" that "Plaintiff's own operative pleading expressly state[d] that '[t]his Court had original subject matter jurisdiction" is unpersuasive and without merit. *See* Df. Opposition to Remand ("Df. Opp.") at 3 (second alteration in original); Dkt. 37.

Second, the only allegations Defendants identify to support an injury in fact are literal provisions of the FCRA and Plaintiff's allegation that they were "injured" by having their "privacy and statutory rights invaded in violation of the FCRA." Df. Opp. at 4. Courts in this

---

[1] Defendants do not discuss Plaintiff's first cause of action (the "stand alone") claim. Federal courts, however, must police their exercise of jurisdiction, and so this Court also considers whether Plaintiff's first cause of action states an injury in fact to support standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (noting that jurisdictional arguments must be considered by courts *sua sponte*, even if not raised earlier in litigation).

district, including this Court, have remanded cases identical to the one at hand for lack of standing. *See Mansapit*, 2019 WL 2423423, at *1 (remanding case because only allegations identified to support an injury in fact were "bare references to the invasion of privacy and statutory rights" and "references under Plaintiff's UCL cause of action to 'lost money or property'"); *Moore*, 2019 WL 2172706, at *1 (same); *Williams*, 2018 WL 3046507, at *4–5 (contrary to Defendant's assertion, Df. Opp. at 5, this Court *did* remand because the plaintiff alleged only bare procedural violations of FCRA's "stand-alone" and "summary of rights" requirements, both at issue here, and no specific harm was pleaded).

To rebut the "bare procedural harm" defense raised by Plaintiff, Defendant relies on *Ramirez v. Trans Union, LLC*, 2017 WL 2403812 (N.D. Cal. June 2, 2017). There, the Office of Foreign Asset's Control ("OFAC") falsely placed the plaintiff on a list that included terrorists and drug traffickers. *Ramirez v. Trans Union, LLC*, 2016 WL 6070490, at *4 (N.D. Cal. Oct. 17, 2016). As Judge Corley noted, this resulted in an injury in fact to plaintiff because "being identified as a potential terrorist or drug trafficker—is not even close to the innocuous zip code mentioned in *Spokeo*." *Id.* In contrast, here, Plaintiff has offered no harm other than violations of the FCRA itself. Defendants use of *Ramirez* is thus unavailing.

Defendants next attempt to argue that an injury in fact can be inferred more easily from a "summary of rights" violation. Df. Opp. at 4. But this is not so—in either a "stand alone" or "summary of rights" FCRA claim, a simple recitation of the FCRA's requirements and an alleged "injury to statutory and privacy rights" results in a "bare procedural violation," not an injury in fact. *See Spokeo*, 136 S. Ct. at 1549. As this Court analyzed in *Williams*, there may be cases where an FCRA violation presents no real harm and thus is outside a federal court's jurisdiction. *Williams*, 2018 WL 3046507, at *5. This conclusion is inescapable; if a complaint fails to plead *how* the Plaintiff is personally harmed by the alleged legal violation, there can be no particularized injury. *See Spokeo*, 136 S. Ct. at 1548 ("For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way."). Likewise, if the complaint fails to show *what* the effect of the alleged legal violation is, it cannot be concrete. *Id.* ("A concrete injury . . . must actually exist."). Thus, the complaint's mere recitation of FCRA violations and "injury to

statutory and procedural rights," is neither actual nor concrete because there is no showing of how the Plaintiff is affected.

Therefore, because Plaintiff's only harm is the violation of the FCRA itself, Plaintiff lacks an injury in fact and federal-question jurisdiction does not exist.

### B. Supplemental Jurisdiction

Defendants do not assert that the related state law claims independently support jurisdiction. It is unclear if Plaintiff's claims meet the amount in controversy required for diversity jurisdiction under 28 U.S.C. 1332(a) or if CAFA jurisdiction would exist under 28 U.S.C. 1332(d). And, without federal question or diversity jurisdiction, this Court may not exercise supplemental jurisdiction over the state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).

### IV. CONCLUSION

Because Plaintiff lacks standing to assert a claim for violation of the FCRA, this Court must remand the action for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Nothing in this order, however, should be construed as precluding Plaintiff from pursuing its claim in state court. *See Moore*, 2019 WL 2172706, at *2 (noting that the lack of standing does not preclude a plaintiff from vindicating a federal right in state court).

Accordingly, this Court **GRANTS** Plaintiff's motion and the Clerk is **DIRECTED** to remand this case to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: September 24, 2019

EDWARD J. DAVILA
United States District Judge